UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH A. HARLOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-641-TWP-MJD |
| | ) |
| MARK SEVIER, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**ENTRY REGARDING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Petition for Writ of Habeas Corpus (Dkt 1) filed by petitioner Keith Harlow ("Mr. Harlow"). Mr. Harlow has also filed both a Motion for Summary Judgment and a Motion for Ruling on the Petition for Writ of Habeas Corpus. The Court **GRANTS** the Motion for Ruling (Dkt. 21). The Motion for Summary Judgment (Dkt. 19) is **DENIED** because Mr. Harlow has not cleared one of the procedural hurdles associated with habeas corpus petitions. Accordingly, Mr. Harlow's Petition for Writ of Habeas Corpus is **DENIED** and the action dismissed. In addition, the Court finds that a certificate of appealability should not issue.

**I. BACKGROUND**

The pleadings and the expanded record established the following:

Mr. Harlow is a prisoner of the State of Indiana serving the executed portion of a sentence imposed in Boone County, Indiana in 2011. The sentence Mr. Harlow is serving was imposed following his plea of guilty to Class B burglary, Class D domestic battery, and a habitual offender enhancement. No direct appeal was taken from this disposition. In December 2011, Mr. Harlow filed a *pro se* petition for post-conviction relief. The trial court's denial of that

relief was affirmed on appeal in *Harlow v. State*, 982 N.E.2d 485 (Ind.Ct.App. 2013) (Table). That appellate decision was issued on January 31, 2013. The deadline for filing a petition for transfer to the Indiana Supreme Court would have been by March 2, 2013. However, no such petition was filed. Mr. Harlow's habeas action, filed pursuant to 28 U.S.C. § 2254(a), was filed in this court on April 19, 2013.

## II. DISCUSSION

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is 'no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a habeas petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010).

Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387–88.

Mr. Harlow's failure to file a petition for transfer following the appellate court decision affirming the denial of his petition for post-conviction relief constitutes his procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

Mr. Harlow's habeas petition explains that his failure to seek transfer was the result of the law library at the Westville Correctional Facility being closed to inmates at a time when the petition for transfer would have to have been filed. In fact, however, Mr. Harlow was transferred to the Miami Correctional facility on December 14, 2012, several weeks before the decision of the Indiana Court of Appeals affirming the denial of the petition for post-conviction relief. Thus, the supposed unavailability of the law library at the Westville Correctional Facility cannot account for Mr. Harlow's failure to file a petition for transfer with the Indiana Supreme Court.

Mr. Harlow's initial reply to the return to order to show cause argues the merits of his habeas claims and does not acknowledge his procedural default. His subsequent reply contains his vague and self-serving statements that the law library at the Miami Correctional Facility has

not been as helpful to inmates such as Mr. Harlow believes is warranted. These statements, however, do not establish that either cause for or prejudice from Mr. Harlow's failure to fully and fairly present each of his habeas claims to the Indiana Supreme Court. Under these circumstances, the Court is not permitted to reach the merits of Mr. Harlow's claims.

### III. CONCLUSION

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Mr. Harlow faces here and he has failed to overcome that barrier. Mr. Harlow's habeas petition must therefore be **DENIED.** The Motion for Summary Judgment (Dkt. 19) is **DENIED.** Mr. Harlow's Motion for Ruling on Petition for Writ of Habeas Corpus (Dkt. 21) is **GRANTED.**

Judgment consistent with this Entry shall now issue.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Harlow has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 11/19/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Keith A. Harlow, #870615
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, Indiana  46914


Henry A. Flores, Jr.
OFFICE OF THE INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov